FILED

2013 MAR 18 PM 4:34

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| GUNVANTRAI HIRABHAI **PATEL**, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| PHILIP T. **MILLER**, in his official capacity as | ) | |
| New Orleans Field Office Director for | ) | |
| Enforcement and Removal Operations, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| | ) | |
| *Respondent*. | ) | |

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

## PRELIMINARY STATEMENT

1.       Petitioner, Mr. Gunvantrai Hirabhai Patel is a 63-year-old grandfather and small business owner who has been a lawful permanent resident ("green card" holder or "LPR") of the United States since 1989. He first entered the United States on a student visa in 1973. For nearly all of his adult life, Mr. Patel has lived, worked, raised a family, and contributed to his community in the United States.

2.       Respondent, Philip T. Miller, in his official capacity as New Orleans Field Office Director for United States Immigration and Customs Enforcement ("ICE"), is detaining Mr. Patel in a Davidson County Sheriff's Office detention facility in Nashville, Tennessee. Respondent, on behalf of the Department of Homeland Security ("DHS") and its component agency – ICE – alleges Mr. Patel is a criminal alien subject to mandatory, no-bond detention for the pendency of his removal proceedings. But Respondent's interpretation of the mandatory detention law is one

1

that courts in this Circuit have uniformly rejected and that the vast majority of courts nationwide have overruled because it is contrary to the unambiguous statutory language.

3.      The Immigration and Nationality Act ("INA") authorizes immigration officials to arrest, detain, and release immigrants pending their removal proceedings upon an individualized assessment for bond, parole, or other forms of supervised release. *See* INA § 236(a), 8 U.S.C. § 1226(a). An exception to this general authority to release applies to a narrow subset of immigrants who are detained by immigration officials "when . . . released" from criminal custody for certain enumerated offenses. *See* INA § 236(c), 8 U.S.C. § 1226(c) (commonly referred to as "mandatory detention"). Respondent alleges that Mr. Patel is among the limited class of persons who are subject to mandatory detention under 8 U.S.C. § 1226(c).

4.      Mandatory detention is unlawful as applied to Mr. Patel because he was plainly not detained by DHS "when . . . released" from criminal custody, as the INA requires. *See* INA § 236(c)(1), 8 U.S.C. § 1226(c)(1). Instead, ICE arrested Mr. Patel nearly seven years after he pleaded guilty to state criminal charges and over three years after he completed his probation. And it did so only after Mr. Patel voluntarily reported to an ICE office in Nashville at the agency's request. The mandatory detention statute neither dictates nor envisions detention under these conditions, especially given the elapsed time between Mr. Patel's release and his arrest by ICE.

5.      In addition to these statutory deficiencies, Mr. Patel's mandatory detention without an opportunity for a fair bond hearing raises serious constitutional concerns, including due process questions, in light of his substantial defenses to removal from the United States, the manner in which he was apprehended, and the lack of a constitutionally adequate opportunity to administratively challenge his classification as a criminal alien subject to mandatory detention.

2

6.     For the reasons detailed herein, Mr. Patel respectfully requests that this Court issue a writ of habeas corpus and order either his immediate release under reasonable conditions of supervision or, in the alternative, a constitutionally adequate bond hearing before an impartial adjudicator, at which Respondent bears the burden of establishing that Petitioner's continued detention is justified.

## JURISDICTION AND VENUE

7.     Petitioner is detained in the custody of ICE in a Davidson County Sheriff's Office detention facility in Nashville, Tennessee pursuant to an Intergovernmental Services Agreement between ICE and the Metropolitan Government of Nashville and Davidson County.

8.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 2441 (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), the Suspension Clause of Article I of the United States Constitution (Art. I, § 9 cl. 2), and 28 U.S.C. § 1331 (federal question). While Courts of Appeal have jurisdiction to review removal orders directly through petitions for review, *see* 8 U.S.C. § 1252(a)(1), (b), the federal district courts have jurisdiction under 28 U.S.C. § 2441 to hear habeas petitions by noncitizens challenging the lawfulness of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2004); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003).

9.     Because there is no available avenue administrative review of Respondent's decision that Mr. Patel is susceptible to mandatory detention even though he was not detained "when . . . released," no administrative remedies are available to exhaust. *Cf. Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999)(permitting an Immigration Judge to overturn the Department's mandatory detention decision only if the immigrant can prove (a) he is a citizen of the U.S.; (b) he did not commit a charged offense listed in INA §§ 236(c)(1)(a)-(b), or (c) that the government

3

is substantially unlikely to prevail in the removal proceeding. Moreover, no exhaustion of administrative remedies is required when a petition files a habeas challenge to the legality of his detention. *See, e.g., Shurney v. I.N.S.*, 201 F. Supp. 2d 783 (N.D. Ohio. 2001).

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (e)(1)(B) because a substantial part of the events or omissions giving rise to Mr. Patel's petition occurred in this judicial district. Venue will continue to lie in this District even if the Department of Homeland Security changes the location of Mr. Patel's detention. *See White v. Lamanna*, 42 Fed. App'x 670 (6th Cir. 2002); *Cohen v. United States*, 593 F.2d 766, 767 n.2 (6th Cir. 1979). *See also Barton v. Wilson*, 10-349-HRW, 2012 WL 1634013 n.1 (E.D. Ky. May 8, 2012)(finding venue proper in District where habeas petitioner filed notwithstanding his subsequent transfer to Arizona.); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)(finding transfer of venue improper because 'jurisdictional facts must be judged as of the time the complaint is filed" and ruling district court where petition is filed retains jurisdiction.)

## PARTIES

11.     Petitioner **Gunvantrai Hirabhai Patel** is a native and citizen of India who resides in Knoxville, Tennessee. ICE is detaining Mr. Patel in a Davidson County Sheriff's Office detention facility in Nashville, Tennessee.

12.     Respondent **Philip T. Miller** is the Field Office Director of ICE's New Orleans Field Office for Enforcement and Removal Operations. He is sued in his official capacity. The ICE New Orleans Field Office encompasses the Enforcement and Removal Office with responsibility over the State of Tennessee. *See* http://www.ice.gov/contact/ero/. Director Miller is the properly named Respondent in this petition because he has power over Mr. Patel while he is subjected to mandatory detention by ICE within the Area of Responsibility covered by the

4

New Orleans Field Officer of Enforcement and Removal Operations. *See Khodr v. Aducci*, 697

F. Supp. 2d 774, 776 (E.D. Mich. 2010) (citing *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir.

2003)).

## FACTS

13.     ICE arrested and detained Mr. Patel without bond shortly after he voluntarily

reported to an ICE office in Nashville, Tennessee on March 14, 2013, at the request of an ICE

official.

14.     Nearly six years earlier, in 2007, Mr. Patel entered guilty pleas to resolve state

criminal charges in Knox County and Davidson County, Tennessee arising out his failure to

timely file and pay state taxes associated with the operation his hotel business. Pursuant to

those pleas, Mr. Patel paid the State of Tennessee full restitution, fees and costs. He also

completed two years of probation, which ended in 2009.

15.     Though he was arrested and immediately released on bond in Davidson County in

late 2006 and in Knox County in early 2007, Mr. Patel was never incarcerated at any time for

these crimes.

16.     While on probation, Mr. Patel asked for and received permission to travel out of

Tennessee multiple times, and he faithfully complied with the terms and conditions his

probation officers set on his travel.

17.     After a brief interview, the only ICE official to have any personal contact with

Mr. Patel sought permission from his supervisor, ICE Assistant Field Office Director Catherine

Chargauf, to issue Mr. Patel an immigration bond instead of mandatorily detaining him. This

ICE official indicated to Mr. Patel that he had previously made a similar request to the ICE

Office of Chief Counsel in New Orleans, and also to Respondent Miller's office, ICE

Enforcement and Removal Operations for the New Orleans Field Office. All of his requests were denied. Consequently, the ICE official arrested Mr. Patel and charged him as a criminal alien subject to mandatory detention, but only after expressing his understanding that Mr. Patel had a very good chance of prevailing in his deportation case, and that he is neither a danger to his community nor a flight risk.

18.     Mr. Patel is unlikely to be removed from the United States notwithstanding his criminal record for at least two alternative reasons. First, he is *prima facie*-eligible for a form of relief from removal available to certain Lawful Permanent Residents under INA § 240A, 8 U.S.C. § 1229b (commonly called "LPR cancellation" or "Seven-Year cancellation"). To be statutorily eligible for LPR cancellation, an individual must demonstrate that he has been lawfully admitted for permanent residence for not less than five years (Mr. Patel has been an LPR for nearly 24 years), has resided continuously in the United States for seven years after having been admitted in any status (Mr. Patel has continuously resided in the United States since the 1970s), and has not been convicted of an aggravated felony (Mr. Patel has not been convicted of, nor has DHS charged him with being deportable for, an aggravated felony). In addition to establishing his statutory eligibility for LPR cancellation, Mr. Patel must establish that he warrants such relief as a matter of discretion. *See Matter of C-V-T-*, 22 I&N Dec. 7 (BIA 1998); *see also Matter of Sotelo*, 23 I&N Dec. 201 (BIA 2001). There is a strong likelihood that he will be able to do so. *See* Ozment Declaration.

19.     Second, Mr. Patel is eligible for a U-visa arising from his status as a victim of a qualifying crime (aggravated (felonious) assault) who experienced substantial suffering (he was beaten unconscious, hospitalized, and required surgery on his face, and he ultimately received several thousand dollars in reimbursements for these bills from the Tennessee Victims Fund),

6

and who was helpful in the prosecution of the perpetrator (Mr. Patel appeared at several hearings to testify against his attacker). Mr. Patel's immigration attorneys are actively pursuing a law enforcement certification from the Knox County District Attorney General's Office, and will then file for a U-visa pursuant to INA § 101(a)(15)(U).

20.     In sum, it is highly unlikely that Mr. Patel will ever be removed from the United States. To the contrary, he stands to emerge from the removal proceedings Respondent has initiated with either his green card or a valid non-immigrant (U) status which allows for adjustment back to lawful permanent resident after three years.

## CLAIMS FOR RELIEF

### CLAIM I: MR. PATEL'S MANDATORY DETENTION VIOLATES THE INA

21.     All of the foregoing allegations are re-alleged and incorporated by reference.

22.     Mr. Patel is not subject to mandatory detention because Respondent did not take him into custody when he was released from custody. *See, e.g. Khodr*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010).

23.     Rather, he is subject to detention pursuant to bond under INA § 236(a), 8 U.S.C. § 1226(a).

24.     Accordingly, he seeks an immediate bond hearing before an Immigration Judge.

### CLAIM II: MR. PATEL'S MANDATORY DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

25.     All of the foregoing allegations are re-alleged and incorporated by reference.

26.     Mr. Patel's detention falls below the minimal constitutional due process requirements because it is not reasonably related to its purpose. He is neither a danger to a community nor a flight risk, as the facts in this case demonstrate.

7

27. Alternatively, Mr. Patel's detention without bond violates his right to due process because he has substantial challenges to his removal

28. Finally, the process the government has created for Mr. Patel to challenge his mandatory detention violates his Due Process rights by allocating to him a nearly insurmountable burden, rather than requiring the government to justify its decision to restrain his liberty.

29. Accordingly, he seeks immediate release, or in the alternative, an order granting an individualized bond hearing before an Immigration Judge within 14 days.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs request that this Court:

(1) Accept jurisdiction over this action;

(2) Enjoin Respondent from transferring Petitioner outside the jurisdiction of this Court pending the resolution of this case.

(3) Pursuant to USC 2243, order Respondent to Show Cause within three (3) days of filing this petition as to why the Writ of Habeas Corpus should not be grants; and set a hearing on this matter within five (5) days of Respondent's response to the Order to Show Cause.

(4) Issue a Writ of Habeas Corpus ordering Respondent to release the Petitioner immediately on his own recognizance, or on parole, bond, or reasonable conditions of supervision; or in the alternative, ordering Respondent to provide Mr. Patel with a constitutionally adequate, individualized hearing before an impartial adjudicator at which Respondent bears the burden of establishing that Petitioner's continued detention is justified.

(5) Grant attorneys' fees and costs under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and any other relevant authority; and

8

(6)     Award Plaintiff all other further and general relief to which it may appear he is entitled.


Date:   March 18, 2013          Respectfully submitted,

                                *Elliott Ozment (BPR # 4331)*
                                Elliott Ozment (BPR # 4331)
                                R. Andrew Free (BPR # 30513)
                                Ozment Law
                                1214 Murfreesboro Pike
                                Nashville, TN 37217
                                Phone: (615) 321-8888
                                Fax: (615) 321-5230
                                Elliott@ozmentlaw.com
                                afree@ozmetlaw.com

                                *Counsel for Petitioner*